# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKA MILLER,<br><br>       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No.  1:13-cv-01597-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 22-24, 27) |

Petitioner Young Yim ("Counsel"), attorney for Mika Miller ("Plaintiff"), filed the instant motion for attorney fees on May 26, 2020.  Counsel requests fees in the amount of $13,230.75 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request.  On June 23, 2020, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the complaint challenging the denial of social security benefits on October 3, 2013.  (ECF No. 1.)  On December 24, 2014, the magistrate judge's order issued finding that the ALJ erred by relying on an inconsistent opinion of Dr. Walker regarding Plaintiff's use of his left hand.[1]  (ECF No. 16.)  The Court entered judgment in Plaintiff's favor and the action was

---

[1] The parties have consented to the jurisdiction of the magistrate judge.  (ECF Nos. 6, 7.)

1

remanded on December 24, 2014.  (ECF Nos. 16, 17.)  On February 24, 2015, at the stipulation of the parties, Plaintiff was awarded attorney fees of $5,100.00 under the Equal Access to Justice Act ("EAJA").  (ECF No. 19.)

On remand, the ALJ found that Plaintiff was disabled as of March 30, 2010, and past benefits were awarded in the amount of $52,923.00.[2]  (April 25, 2020 Award Letter, ECF No. 24-1 at 6-11.)  The Commissioner withheld $13,230.75 from the past-due benefit for attorney fees.  This amount equals 25 percent of the retroactive benefit award.  (Id. at 8.[3])

Petitioner filed the instant motion on May 26, 2020, and Plaintiff was served with the motion on June 1, 2020.  (ECF Nos. 22-24, 26.)  The Commissioner filed a response on June 23, 2020.  (ECF No. 27.)  Plaintiff has not objected or otherwise responded to the motion.

**II.**

**LEGAL STANDARD**

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that

---

[2] The award letter does not state the cumulative amount of back benefits awarded, but does state that twenty five percent, or $13,230.75, was withheld from the past due benefits.  (ECF No. 24-1 at 8.)  This would make the total award $52,923.00 (4 x $13,230.75).

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace
2  contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to
3  review for reasonableness fees yielded by those agreements").  Agreements seeking fees in
4  excess of twenty-five percent of the past-due benefits awarded are not enforceable.  Crawford,
5  586 F.3d at 1148.  The attorney has the burden of demonstrating that the fees requested are
6  reasonable.  Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

7        In determining the reasonableness of an award, the district court should consider the
8  character of the representation and the results achieved.  Gisbrecht, 535 U.S. at 800.  Ultimately,
9  an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.
10 Gisbrecht, 535 U.S. at 796.

11       The Ninth Circuit has identified several factors that a district court can examine under
12 Gisbrecht in determining whether the fee was reasonable.  In determining whether counsel met
13 his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
14 standard of performance of the attorney in representing the claimant; (2) whether the attorney
15 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
16 past-due benefits; and (3) whether the requested fees are excessively large in relation to the
17 benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586
18 F.3d at 1151.

### III.

### DISCUSSION

21       The Court has conducted an independent check to insure the reasonableness of the
22 requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement
23 between Plaintiff and Petitioner provides for a fee not to "exceed 25% of the back due benefits
24 due" to Plaintiff after the action is remanded back to the Social Security Administration for
25 further proceedings.  (Retainer Agreement and Assignment, ECF No. 24-1 at 2.)  Plaintiff has
26 been awarded benefits from March 2010 through March 2020 in the amount of $52,923.00.
27 (ECF No. 24-1 at 6-11.)  In determining the reasonableness of the fees requested, the Court is to
28 apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. (See Decl. of Young Yim in Support of Pl.'s Mot. for Approval of Attorney Fees Under § 406(b) of the Social Security Act, ¶ 2, ECF No. 24.) Although this action does involve ten years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $13,230.75 which is 25% of the back pay award. The $13,230.75 fee is not excessively large in relation to the past-due award of $52,923.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (Contemporaneous Hour Log, ECF No. 24-1 at 4.) The log demonstrates that Petitioner spent 28.9 hours on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $457.81 per hour for Petitioner's services in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of

work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Petitioner also submitted a detailed billing statement which supports the request. The Court finds that Petitioner's request for an award of attorney fees under Section 406(b) is reasonable.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $5,100.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $13,230.75 is GRANTED;
2. Pursuant to counsel's request, this amount shall be paid directly to the Law Offices of Charles E. Binder and Harry J. Binder, LLP; and
3. Petitioner SHALL refund $5,100.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **July 20, 2020**

UNITED STATES MAGISTRATE JUDGE